THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>F5 NETWORKS, INC,<br><br>Defendant. | No. 2:20-cv-1878-BJR<br><br>**F5 NETWORKS, INC.'S ANSWER TO COMPLAINT** |

Defendant F5 Networks, Inc. ("F5" or "Defendant"), by and through its attorneys, respectfully submits this Answer and Affirmative Defenses to Plaintiff's Complaint for Patent Infringement (the "Complaint") filed September 15, 2020 (D.I. 1), by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff").

The headings below track those used in the Complaint and are for convenience only. They do not constitute any part of F5's Answer to the Complaint or any admission by F5 as to the truth of the matters asserted. F5 further states that anything in the Complaint that is not expressly admitted is hereby denied.

## ANSWER TO THE COMPLAINT

**Parties**

1. F5 is without sufficient knowledge or information to form a belief as to the truth of

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the allegations in this paragraph and therefore denies all such allegations.

2. F5 is incorporated in Washington and its headquarters are at 801 5th Ave, Seattle, WA 98104.  F5 has a regional office at 11911 Freedom Dr. #950 Reston, VA 20190.  F5 denies the remaining allegations in this paragraph.

## Jurisdiction

3. F5 admits that the Complaint is styled as an action for patent infringement arising under Title 35 of the United States Code.

4. F5 admits that the Complaint is styled as an action for patent infringement over which the Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. F5 does not contest that this Court, in the Western District of Washington, has personal jurisdiction over F5 for purposes of this action.  F5 denies the remaining allegations of this paragraph.

## Venue

6. F5 admits that venue is proper in this Court for purposes of this action.  F5 denies the remaining allegations of this paragraph.

## Patent-In-Suit

7. F5 is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies all such allegations.

## The '884 patent

8. F5 admits a purported copy of U.S. Patent No. 7,953,884 ("the '844 patent" or "Asserted Patent") attached to the Complaint as Exhibit 1 indicates that it is entitled "Method and apparatus for overload control and audit in a resource control and management system," it issued on May 31, 2011, and the application leading to the '844 patent was filed on April 9, 2007.  F5 denies any remaining allegations of this paragraph.

9. Denied.

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## COUNT 1: INFRINGEMENT OF THE '884 PATENT

10. F5 incorporates by reference each of its responses set forth in the paragraphs above as if fully set forth herein.

11. Denied.

12. Denied.

13. F5 admits it was served with the Complaint. F5 denies the remaining allegations of this paragraph.

14. Denied.

15. Denied.

16. Denied.

17. F5 admits that Exhibit 2 to the Complaint purports to compare claims of the '844 patent to F5's "BIG-IP System." F5 denies the remaining allegations of this paragraph.

18. F5 admits a pleading may adopt an exhibit by reference to the extent allowed under Federal Rule of Civil Procedure 10(c).

19. Denied.

### Jury Demand

20. WSOU's demand for a jury trial does not require a response from F5.

### WSOU's Prayer for Relief

To the extent any response is required to any paragraph of WSOU's Prayer for Relief, including without limitation its statements labeled A-F(iii), F5 denies that WSOU is entitled to any relief from F5 and denies any allegations underlying or stated in WSOU's requested relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, F5 alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing WSOU's burden of proof on its affirmative claims against F5, regardless of how such defenses are denominated herein. In addition to the

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

affirmative defenses described below, F5 specifically reserves all right to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense

21. F5 does not, has not, and will not infringe, literally or under the doctrine of equivalents, willfully or otherwise, any valid, properly construed claim of the Asserted Patent, either directly, indirectly, contributorily, by inducement, or in any other manner.

### Second Affirmative Defense

22. Each claim of the Asserted Patent is invalid for failure to comply with one or more of the statutory requirements specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

23. To the extent that WSOU and any predecessors in interest to the Asserted Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that F5's actions allegedly infringed the Asserted Patent, F5 is not liable to WSOU for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patent.

### Fourth Affirmative Defense

24. WSOU's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287.  WSOU is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### Fifth Affirmative Defense

25. WSOU's claims are barred, in whole or in part, based upon prosecution history estoppel, prosecution history disclaimer, and/or the internally inconsistent litigation positions WSOU has explicitly or implicitly taken with respect to the Asserted Patent in proceedings before the USPTO in the prosecution or amendment of the Asserted Patent.  As a result, WSOU is estopped to maintain that the claims of the Asserted Patent are broad enough to cover any F5

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

product alleged to infringe the Asserted Patent, either literally or by application of the doctrine of equivalents.

### Sixth Affirmative Defense

26. The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any of the allegedly infringing acts practiced by F5.

### Seventh Affirmative Defense

27. WSOU is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### Reservation of Rights

F5 expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

### F5'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant and now Counter-Plaintiff F5, brings these Counterclaims against Plaintiff and now Counter-Defendant WSOU. F5 seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent No. 7,953,884 (the "'844 Patent") invalid, unenforceable, and not infringed by F5.

### The Parties

1. Counterclaim Plaintiff F5 Networks, Inc. is a corporation organized and existing under the laws of the State of Washington with its corporate headquarters at 801 5th Ave, Seattle, WA 98104.

2. Upon information and belief based on Paragraph 1 of the Complaint as pleaded by WSOU, Counterclaim Defendant WSOU is a Delaware corporation with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

### Jurisdiction and Venue

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4. WSOU has consented to the personal jurisdiction of this Court by at least pursuing its action for patent infringement in this District and stipulating to venue in this District (Dkt. 15).

5. Based on WSOU's conduct in this action, venue is proper in this District pursuant to at least 28 U.S.C. § 1391.

## COUNT I

### Declaration of Non-Infringement of the '844 Patent

6. An actual and justiciable controversy exists between the parties as to F5's non-infringement of the '844 Patent based on WSOU's filing of the Complaint in this action and F5's Answer and Affirmative Defenses above.

7. F5 does not infringe at least claim 11 of the '844 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, through its use or incorporation of any technology, including the Exemplary Defendant Products as defined by WSOU. For example, the accused instrumentality does not include "determining a reduction percentage that corresponds with a percentage of calls that will be blocked" or any equivalent thereof or "wherein determining the reduction percentage is based, at least in part, on available central processing unit memory" or any equivalent therefor, and thus does not infringe the '844 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., F5 seeks a declaration that F5 has not infringed and does not infringe any claim of the '844 Patent under any theory, including directly (whether individually or jointly) and indirectly (whether contributorily or by inducement).

## COUNT II

### Declaration of Invalidity of the '844 Patent

9. An actual and justiciable controversy exists between the parties as to the invalidity

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

of the '844 Patent based on WSOU's filing of the Complaint in this action and F5's Answer and Affirmative Defenses above.

10.     The claims of the '844 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101–103 and 112.  For example, the claims of the '844 patent are anticipated and/or rendered obvious by the prior art.  In another example, the claims lack written description, are not enabled, and/or are not sufficiently definite.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., F5 seeks a declaration that all claims of the '844 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, F5 hereby demands trial by jury on all triable issues in WSOU's Complaint and F5's Answer, Affirmative Defenses, and Counterclaims.

## **PRAYER FOR RELIEF**

WHEREFORE, F5 respectfully prays for the following relief:

a.     A dismissal with prejudice of WSOU's Complaint against F5;

b.     A judgment in favor of F5 on all of its Counterclaims;

c.     A judgment that WSOU is not entitled to any relief whatsoever, whether in law or equity or otherwise, from its suit against F5;

d.     A declaration that the claims of the '844 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

e.     A declaration that F5 has not infringed (directly, indirectly, willfully, literally and/or under the doctrine of equivalents) any valid and enforceable claim of the '844 patent;

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

f. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to F5 of its reasonable cost and attorneys' fees; and

g. Such other and further relief as the Court deems just and proper.

DATED: February 26, 2021

*/s/ Ramsey M. Al-Salam*
*/s/ Stevan R. Stark*
Ramsey M. Al-Salam, WSBA No. 18822
RAlsalam@perkinscoie.com
Stevan R. Stark, WSBA No. 39639
SStark@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206-359-8000

*/s/ Shane Brun*
Shane Brun *(admitted pro hac vice)*
sbrun@kslaw.com
KING & SPALDING LLP
601 S. California Ave., Suite 100
Palo Alto, CA 94304
Tel: 415-318-1245

*/s/ Angela C. Tarasi*
Angela C. Tarasi *(admitted pro hac vice)*
atarasi@kslaw.com
KING & SPALDING LLP
1400 16th Street
16 Market Square, Suite 400
Denver, CO 80202
Tel: 720-535-2300

***Attorneys for Defendant F5 Networks, Inc.***

F5 NETWORK, INC.'S ANSWER TO COMPLAINT
(No. 2:20-cv-1878-BJR) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021, I caused copies of the foregoing document to be served via CM/ECF to the counsel of record in this matter.

*/s/ Stevan R. Stark*
Stevan R. Stark

CERTIFICATE OF SERVICE
(No. 2:20-cv-1878-BJR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000