HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>          Plaintiff,<br><br>     v.<br><br>F5 NETWORKS, INC.,<br><br>          Defendant. | No. 2:20-cv-01878-BJR<br>No. 2:21-cv-00123-BJR<br>No. 2:21-cv-00124-BJR<br>No. 2:21-cv-00125-BJR<br>No. 2:21-cv-00126-BJR<br><br>**DEFENDANT F5 NETWORKS, INC.'S MOTION TO STAY; MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PENDING** *INTER PARTES* **REVIEW** |

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARDS .......................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I.    A Stay Will Neither Unduly Prejudice nor Present a Clear Tactical Disadvantage to WSOU ................................................................................................ 4

    II.    A Stay Will Simplify Issues for Trial ................................................................. 5

    III.    The Stage of the Litigation Favors a Stay ......................................................... 7

CONCLUSION ...................................................................................................................... 7

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW -
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# INTRODUCTION

WSOU recently told this Court that a consolidated trial involving all five asserted patents would be "unduly burdensome for the parties," "confusing to the jurors" and ultimately "prejudicial to WSOU's ability to present its case." Dkt. 95 at 2. WSOU further observed that "speedy resolution of its infringement claims in [its] patent not subject to an IPR" would be at risk from a consolidated trial. *Id*. at 3.

F5 has a solution: stay the litigation as it relates to U.S. Patent Nos. 7,860,000 ("the '000 Patent"), 7,548,945 ("the '945 Patent") and 8,248,940 ("the '940 Patent") (collectively, the "Challenged Patents"). F5 already filed an IPR on the '000 patent. By the end of this month, F5 will file IPRs on the '945 and '940 patents. The Court should halt litigation on the Challenged Patents and allow the case to proceed on the other two asserted patents, U.S. Patent Nos. 7,953,884 ("the '884 patent") and 9,584,330 ("the '330 patent") (collectively, the "non-IPR Patents").

A stay would be beneficial for all sides without prejudicing WSOU. It would permit the Court to consolidate the case in a manner that (i) addressed WSOU's concerns while (ii) avoiding potentially wasteful litigation on patents that are likely to be invalidated. Litigation on the non-IPR patents should be able to proceed according to the current case schedule.

While F5's IPRs are pre-institution, this fact should not preclude a stay given the specifics of this case. *See, e.g., SRC Labs v. Microsoft Corp.*, 2018 WL 6065635, at *4 (W.D. Wash. 2018) (granting a stay pre-institution when parties had not yet filed opening claim construction briefs and *Markman* hearing was two months away); *Zillow, Inc. v. Trulia, Inc.*, 2013 WL 5530573, at *6 (W.D. Wash. 2013) (granting a stay pre-institution of challenged CBMs when trial date had been set and was ten months out); *Townsend v. Brook Sports, Inc.*, Case No. 17-cv-1322 RSM (W.D. Wash. April 11, 2018) at Dkt. 101 (granting a stay pre-institution when expert reports had not been exchanged and months were left in the discovery period) (attached as Ex. 1[1]); *Ironburg Inventions Ltd. v. Valve Corp.*, Case No. 17-cv-1182 TSZ (W.D. Wash. Dec. 6, 2017) at Dkt. 148 (granting a stay pre-institution for the cases with pending IPRs and continuing cases on schedule where IPRs were completed) (attached as Ex. 2).

---

[1] Exhibits are attached to the Declaration of Angela Tarasi filed in support of this Motion.

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 1
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The Court should grant F5's motion.

## BACKGROUND

WSOU originally filed this matter on September 15, 2020 as five separate cases in the Eastern District of Virginia. Before F5's answer was due in any case, on December 30, 2020 WSOU stipulated to transfer the cases to this District. *See, e.g.,* Case No. 1:20-cv-1331 at Dkt. 15 (E.D. Va. 2020).

On April 26, 2021, this Court issued a Scheduling Order setting forth (i) a fact discovery deadline of January 6, 2022, (ii) an expert discovery deadline of March 17, 2022 and (iii) a *Markman* hearing on December 22, 2021. Dkt. 64.

On October 27, 2021, F5 filed an IPR petition challenging the validity of all asserted claims the '000 Patent. *See* Petition attached as Ex. 3. By the end of November, F5 will file IPR petitions challenging the validity of all asserted claims of both the '945 and '940 patents.

The Patent Trial and Appeals Board ("PTAB") will issue an institution decision on the '000 patent IPR before May 2022, and other two institution decisions will issue by June 2022. *See* 37 C.F.R. § 42.107(b); 35 U.S.C. § 314(b) (PTAB institution decisions due within 6 months of notification of a filing date). The Board's final decisions of unpatentability must issue no later than a year after the institution decisions, so roughly between May and June 2023 depending upon the institution date. *See* 35 U.S.C. § 316(a)(11).

## LEGAL STANDARDS

It is well-established that a district court has the inherent power to manage its docket, including by staying proceedings when appropriate. *Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). This includes the authority to stay patent cases where a defendant requested reexamination of the asserted patents by the U.S. Patent and Trademark Office ("USPTO"). *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Additionally, "[a]s the Federal Circuit and other courts have acknowledged, 'an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTAB's 'initial consideration.'" *Doggyphone LLC v. Tomofun, LLC*, No. 2-19-cv-01901-29 at Dkt. 29 at 4 (W.D. Wash. Feb. 12, 2021) (quoting *Evolutionary Intelligence LLC v. Yelp Inc*, 2013 WL 6672451, at *4 (N.D. Cal. 2013)) (attached as Ex. 4).

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 2
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"In determining whether to grant a stay pending reexamination, the court considers: (1) whether a stay will simplify the issues in question and the trial of the case, (2) whether discovery is complete and whether a trial date has already been set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Pacific Bioscience Laboratories, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011). "Regardless of whether an IPR petition is pending or has been granted … this court – and other courts in this circuit – apply the three-factor framework from *Pacific Bioscience*." *Nat'l Prods., Inc. v. Arkon Res., Inc.*, 2016 U.S. Dist. LEXIS 142744, at *8 (W.D. Wash. 2016). *See also Zillow,* 2013 WL 5530573, at *4, n.3 ("The statutorily required stay analysis set forth in § 18(b) of the AIA is triggered by a party's petition for post-grant review and not upon the PTAB's institution of such review.")

"[I]t is not uncommon … to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." *Nat'l Prods.*, 2016 U.S. Dist. LEXIS 142744 at *8 (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958, at *3 (N.D. Cal. 2011). Additionally, granting a stay does not have to be a permanent decision. "[E]ither party may file a motion to lift the stay if any part of the petitions for IPR are denied by the PTO—so any concern that the motion … [is] premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted for all of the asserted claims." *Id.* at *8-9 (internal quotations omitted). Nor must it be applied universally to all cases when they have already been consolidated. *See, e.g., Ironburg,* Case No. 17-cv-1182-TSZ at Dkt. 148 (Court granted in part and denied in part the motion to stay by choosing to stay only those patent cases associated with pending post-grant reviews, none of which had yet been instituted by PTAB).

## ARGUMENT

All three factors weigh in favor of staying the case with respect to the Challenged Patents.

There is no prejudice or tactical disadvantage to WSOU from a stay. WSOU is not seeking an injunction in this matter. Instead, WSOU filed these cases in an improper venue. WSOU itself recognizes the problems inherent with trying five patents in a single trial. A stay of litigation on three of five patents pending IPR review solves these issues, while permitting trial to proceed on the other two asserted patents.

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 3
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### I. A Stay Will Neither Unduly Prejudice nor Present a Clear Tactical Disadvantage to WSOU

This factor weighs strongly in favor of a stay. WSOU is a non-practicing entity. There is no competitive relationship between the parties and WSOU is not seeking an injunction in this matter. In situations such as these, courts are more likely to find that a stay would not unduly prejudice the plaintiff. *Wi-Lan Inc. v. Huizhou TCL Mobile Commc'n Co.*, 2020 WL 1269837, at *3 (C.D. Cal. 2020). Instead, damages can adequately compensate the patent owner should the patents survive post-grant review and the defendant found liable for infringement, since there are no lost consumers to factor in, and thus, no prejudice to waiting. *Id. See also Doggyphone*, Case No. 2-19-cv-01901 at Dkt. 29 at 5 (the plaintiff, as a non-practicing entity, "cannot assert it will be unduly prejudiced by, or that it will suffer a clear tactical disadvantage from, the stay[.]").

The timing of the filings – both the motion to stay and the filing of the IPRs – also weighs in favor of a stay. There is no delay in filing a motion to stay, and quite the opposite; F5 moves the Court even before two of three IPR petitions are on file. Courts look favorably on motions to stay when the motion was filed promptly after filing for PTAB review. *See, e.g. NetFuel, Inc. v. Cisco Sys. Inc.*, 2020 WL 836714, at *2 (N.D. Cal. 2020) ("[M]oving for a stay one month after the PTAB institutes an IPR shows diligence that favors granting the stay.").

Similarly, there is no unreasonable delay in F5's decision to file IPR petitions on the Challenged Patents. Although it is almost a year since F5 was initially served with the complaints, F5 has been focused on other aspects of the litigation, such as responding to numerous discovery requests for information, transferring the cases from Virginia to Washington and logistically coordinating five separate cases. Even WSOU admits there are issues with the present situation. *See* Dkt. 95.

When there are extenuating factors, such as a focus on a decision to transfer venue, courts are willing to overlook a delay in filing for an IPR. *Evolutionary Intelligence*, 2013 WL 6672451, at *9. The claim construction process is also ongoing, and this information can be highly relevant to the decision of whether an IPR should be instituted. *See, e.g., Zillow*, 2013 WL 5530573 at *7 (holding that Trulia's

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 4
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

delay in filing an IPR was not unreasonable given the timing of Zillow's amended infringement contentions such that its IPR petition was not "incomplete.").

## II. A Stay Will Simplify Issues for Trial

A stay on the Challenged Patents will allow the PTAB to weigh in on invalidity issues for those three patents while also allowing the Court to focus on the remaining two non-IPR patents. WSOU is concerned that consolidating all five cases for trial would be "unduly burdensome for the parties" and "confusing for the jurors." Dkt. 95 at 2. Staying the case for the Challenged Patents would allow this Court to focus attention and resource on the non-IPR patents as opposed to all five at once. Additionally, as WSOU states, continuing to litigate all five patents may prove prejudicial to its "right to a speedy resolution of [the] infringement claims of the other patents not subject to an IPR," and would likely waste time, effort, and money that could ultimately prove redundant. *Id.* Further, because the PTO is required to rule on IPRs under a specifically shortened schedule, waiting for the results of the IPR will not unduly delay the overall schedule of the case. *See* 35 U.S.C. §§ 314(b), 316(a)(11).

Allowing the PTAB to rule on the Challenged Patents "will indisputably narrow the issues before this Court." *Doggyphone*, 2:19-cv-1901-BJR at Dkt. 29 at 4. If the PTAB invalidates the claims, the Court and parties both will have a lighter burden, as 60% of the patents would be moot and litigation would already have continued for the non-IPR patents. Even if the Challenged Patents are not ruled invalid, the PTAB will still have done the groundwork on examining the contested claims and background of the disputed patents, allowing the court to "benefit from the PTAB's expert analysis." *Supercell Oy v. Rothschild Digital Media Innovations*, 2016 WL 9226493, at *7 (W.D. Wash. 2016). A stay may be particularly justified when the outcome of the IPR proceedings would likely assist the court in determining patent validity. *Evolutionary Intelligence*, 2013 WL 6672451, at *4.

The helpfulness of F5's IPRs is underscored by the fact that they will cover all asserted claims from the Challenged Patents. In such cases, courts are more likely to grant a stay because there is a significant chance the case will be simplified. *See, e.g. Doggyphone*, 2:19-cv-1901-BJR at Dkt. No. 29 at 4 (finding that the "***complete overlap***" of the claims would lead to simplification and narrowing of the issues before the court) (emphasis in original).

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 5
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Courts also recognize that a substantial likelihood exists that the PTAB will simplify matters for trial, even prior to institution. *SRC Labs* is instructive on this point. 2018 WL 6065635. There, the court granted the motion to stay pending IPRs, but prior to the PTO's decision to institute. *Id*. Specifically, Court granted the stay because "[t]he high likelihood of substantial simplification of this case, the early stage of this litigation, and the lack of undue prejudice lead the court to conclude that a stay pending resolution of the 10 IPR petitions is appropriate." *Id.* at *5. This case is in a similar state; the high number of patents favors a stay on those with pending IPRs, and while the PTO has not yet confirmed if they will institute the IPRs on the Challenged Patents, chances are high that not only will the IPRs be instituted but they will also prove WSOU's asserted claims invalid.

WSOU itself acknowledges the pending '000 patent IPR will impact the issues present in this litigation. Dkt. 95 at 2. It is reasonable to continue this line of thinking for all Challenged Patents, especially given the recent IPR statistics from the PTO. "Recent statistics from the PTAB assist the court in approximating the chances that the PTAB grants the IPR petition and, if the PTAB grants the petition, the chances that IPR simplifies this litigation." *Nat'l Prods*, 2016 U.S. Dist. LEXIS 142744 at *9. Approximately *two-thirds* of challenged electrical/computer technology-based patents were instituted in FY21. *See* PTAB Trial Statistics FY21 End of Year Outcome Roundup IPR, PGR, CBM at 9 (USPTO Oct. 2021).[2] Of those patents receiving a final written decision, 78% found one or more claims to be invalid. *Id.* at 15.[3] These statistics demonstrate, in the instant technical area, a strong trend of the PTAB instituting IPRs and invalidating claims. *Id.* The Court used similar reasoning in *SRC Labs*, where statistics from the PTO were relied on to demonstrate the high likelihood that the IPRs would not only be granted, but that the defendant would be successful in said IPRs. 2018 WL 6065635 at *3.

Finally, even if IPRs on the Challenged Patents are not instituted, the imposition of a stay is relatively harmless because "if the PTAB determines that [post-grant] review is inappropriate for some reason, then the stay can be lifted at a relatively early time." *Zillow*, 2013 WL 5530573 at *4, n.3. In the meantime, WSOU's concerns regarding case consolidation will be alleviated.

---

[2] https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021_roundup.pdf
[3] Further, of those patents found to have at least one claim invalid, almost one third were found to be *entirely* unpatentable, which would further simplify any pending case associated with that patent. *Id.*

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 6
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### III. The Stage of the Litigation Favors a Stay

"[T]he proper time to measure the state of the litigation [is at] the date of the filing of the motion to stay." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). While trial is currently scheduled for August 2022, there remains a substantial amount of work ahead of the parties, such that a stay would be appropriate under the present circumstances. As of the filing of this motion, no depositions have yet been taken by either side, claim construction briefing has yet to commence, and the *Markman* hearing is still more than a month away. *See* Dkt. 64. Expert reports, expert discovery and summary judgment all lie ahead. *Id*. In the meantime, WSOU expressed concerns about how this case can effectively proceed with five patents. *See* Dkt. 95.

In instances such as these, the stage of litigation favors a stay. *See, e.g., SRC Labs*, 2018 WL 6065635 at *4 (staying the case where "even though written discovery has been exchanged, many months of discovery remain"); *Nat'l Prods.*, 2016 U.S. Dist. LEXIS 142744 at *13 (stay granted where *Markman* hearing scheduled but parties yet to submit claim construction briefs to the court). This case is also less advanced than in *Zillow v. Trulia*, where the Court granted a pre-institution stay pending IPR review despite the over 100,000 pages of documents already produced. 2013 WL 5530573 at *1. Thus, "despite its age, this matter is at a relatively early stage in litigation." *Wag Acquisition LLC v. Flying Crocodile, Inc.*, Case No. 2:19-cv-01276-BJR at Dkt. 212 at 2 (W.D. Wash. Mar. 19, 2020) (attached as Ex. 5).

### CONCLUSION

A stay on the Challenged Patents will allow the Court to conserve its resources and alleviates WSOU's concerns on consolidation. All three factors favor granting F5's motion. The Court should order a stay pending IPR review of the Challenged Patents.

Dated: November 23, 2021                     Respectfully submitted,

By: /s/ *Shane Brun*
    Shane Brun

KING & SPALDING LLP

Shane Brun (*Pro Hac Vice*)
sbrun@kslaw.com
601 S. California Ave.
Suite 100

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 7
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Palo Alto, CA 94304
Telephone: (415) 318-1245
Fax: (415) 318-1200

Angela Tarasi (*Pro Hac Vice*)
atarasi@kslaw.com
KING & SPALDING LLP
1401 Lawrence Street
Suite 1900
Denver, CO  80202
Telephone: (720) 535-2319

Brent Ray (*Pro Hac Vice*)
bray@kslaw.com
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Telephone: (312) 764-6925

Ryan Schmid (*Pro Hac Vice*)
rschmid@kslaw.com
Patrick Lafferty (*Pro Hac Vice*)
plafferty@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500

PERKINS COIE LLP
Ramsey M. Al-Salam, WSBA No. 18822
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206.359.8000/Fax: 206.359.9000
Email: RAlSalam@perkinscoie.com

Attorneys for F5 NETWORKS, INC.

F5 NETWORKS INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW - 8
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF CONFERENCE**

On November 15, 2021, in its Response to WSOU's Objection to Consolidation (Dkt. 96), F5 suggested staying Case Nos. 21-0123, 21-0124, and 21-0125 pending *inter partes* review. In the Joint Status Report (Dkt. 97), counsel for WSOU indicated it opposed such a suggestion. On November 19, counsel for WSOU confirmed it opposed F5's Motion.

*/s/ Shane Brun*
Shane Brun

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Shane Brun*
Shane Brun

CERTIFICATE OF SERVICE - 1
(CONSOLIDATED UNDER CASE NO. 2:20-cv-01878-BJR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000