The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>F5 NETWORKS, INC.,<br><br>Defendant. | No. 2:20-cv-01878-BJR<br>No. 2:21-cv-00124-BJR<br>No. 2:21-cv-00125-BJR<br>No. 2:21-cv-00126-BJR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW** |

This matter concerns four separate but related cases, each case concerning infringement of a different patent. The dispute currently before the Court is a Motion to Stay Pending *Inter Partes* Review, filed by Defendant F5 Networks, Inc. ("Defendant" or "F5"). F5 seeks a stay of all proceedings in two of the four above-captioned lawsuits, pending resolution of the two petitions for *inter partes* review ("IPR") that F5 filed with the Patent Trial and Appeals Board ("PTAB").[1] F5 filed those two petitions on November 30, 2021 (a week after filing this motion), seeking IPR of U.S. Patent Nos. 7,548,945 ("the '945 Patent") and 8,248,940 ("the '940 Patent"). It has not sought, and apparently does not intend to seek, IPR on the two patents in the other two cases, U.S.

---

[1] After F5 filed a petition for IPR for a third patent, U.S. Patent No. 7,860,000 ("the '000 Patent"), the parties stipulated to dismissal of the lawsuit relating to that patent.

ORDER DENYING MOTION TO STAY

- 1

Patent Nos. 7,953,884 and 9,584,330, and acknowledges that litigation on those patents will proceed in this Court. A decision by the PTAB whether to institute IPR proceedings is expected in June 2022. Plaintiff WSOU Investments, LLC, ("WSOU"), which filed the lawsuits asserting infringement of the four patents, opposes the motion.

In reviewing a motion to stay pending IPR, courts are to consider (1) whether a stay will simplify the issues in question and the trial of the case, (2) whether discovery is complete and whether a trial date has already been set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Pacific Bioscience Laboratories, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011).

The four cases comprising this dispute were originally filed in the Eastern District of Virginia in September 2020, and transferred by stipulation to this Court in December 2020. F5 did not file the IPR petitions on the '940 and '945 patents until nearly a year later, on November 30, 2021, only weeks before the December 22, 2021 *Markman* hearing on all four disputed patents. The Court issued its Order on Claim Construction on January 28, 2022. The fact discovery deadline has now passed, and trial is scheduled to begin November 7, 2022. Under these circumstances, the Court has little difficulty concluding that a stay is not only unwarranted, but also prejudicial to the Plaintiff.

First, it is far from certain that the PTAB will grant F5's petitions. In the event it does not, issuing a stay of the '940 and '945 patent cases would do nothing but further delay their resolution. Furthermore, it is an absolute certainty that the PTAB will not grant IPR on all four patents at issue in these cases, as F5 has not sought IPR on two of the subject patents. Thus, litigation concerning the two patents for which F5 has not sought IPR will nevertheless have to

ORDER DENYING MOTION TO STAY

- 2

proceed in this Court, giving rise to the inefficiencies inherent in parallel and possibly duplicative (or worse, inconsistent) proceedings, even if IPR is instituted on the two patents. A stay would therefore not simplify, and if anything may complexify, the issues before the Court.

Second, F5 filed the IPR petitions over a year after these lawsuits were initiated. Almost all of the relevant deadlines in these cases have passed, and the trial date—already delayed once—has been set. F5 has not brought to the Court's attention a single case in which a request for a stay was granted after the discovery deadline was passed and claim construction disputes were resolved. F5's excuse for not having sought IPR earlier—that it was "focused on other aspects of the litigation"—rings hollow; sophisticated parties with able counsel are doubtless capable of pursuing multiple litigation strategies at once.

Third and finally, the Court agrees that the filing of the IPR petitions appears to be little more than a dilatory tactic, in a case in which the Court has already been called upon to compel F5 to respond to discovery. *See* Dkt. No. 75. If the IPR petitions are granted, resolution by the PTAB is not expected until June 2023, six months after the trial date set in this case. If the petitions are not granted, WSOU will have lost months in pursuit of its claims, incurring all the inefficiencies inherent in being subjected to a stay. In either event, WSOU will be prejudiced by the additional delay in resolution of its claims.

For the foregoing reasons, the Court finds that all three factors weigh in favor of denying the Motion to Stay, and therefore, the motion is hereby DENIED.

DATED this 14th day of March, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION TO STAY

- 3