HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>F5 NETWORKS, INC.,<br><br>　　　　　Defendant. | No. 2:20-cv-01878-BJR<br>No. 2:21-cv-00124-BJR<br>No. 2:21-cv-00125-BJR<br>No. 2:21-cv-00126-BJR<br><br>**PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE**<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 1, 2022** |

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU"), by and through its undersigned counsel, and under Fed. R. Civ. P. 16(b)(4) and Local Civil Rule 16(b)(6) and in response to the Court's March 8, 2022 and March 17, 2022 instructions to move for continuance of discovery deadlines, hereby moves for an approximately sixty-day extension of the case schedule (Dkt. 109), including a continuance of the start of trial date from November 7, 2022 to January 23, 2023(or a time convenient to the Court), as set forth below and in the accompanying Proposed Order.[1]

---

[1] The proposed schedule reflects additional days to account for the winter holiday season in 2022.

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 1
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

**Corr Cronin LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

I. **STATEMENT OF FACTS**

Notwithstanding WSOU's many efforts to obtain all necessary discovery during the fact discovery period (which closed on March 7, 2022), it has become apparent that a modest extension of the case schedule is warranted to permit WSOU to obtain outstanding, improperly withheld discovery from F5 sufficiently before WSOU's opening infringement expert reports are due (currently April 4, 2022). The requested extension is necessary as a result of F5's discovery deficiencies that are the subject of a pending motion to compel filed in February (Dkt. 148) and raised to the Court during the September 30, 2021 discovery hearing (Dkts. 75, 76), the parties' November and December 2021 Joint Status Reports (Dkts. 97, 114-115), WSOU's February 14, 2022 Brief (Dkt. 149), as well as a forthcoming motion to compel to be filed by WSOU tomorrow pursuant to the Court's March 11 Order (Dkt. 169). WSOU respectfully directs the Court's attention to the aforesaid filings for a full recitation of the scope and subject matter of the parties' discovery disputes, including a description of the facts concerning F5's deficient productions and other discovery deficiencies. As just a few examples, F5's continued dilatory conduct includes:

- refusing to produce to produce relevant documents, source code, and information in a timely manner, even after the Court's October 1, 2021 Order (Dkt. 75);
- failing to produce Rule 30(b)(6) witnesses prepared on the topics for which F5 designated them on; and
- offering four witnesses for deposition only after the close of fact discovery, including one witness more than 2 weeks after fact discovery closed on March 7, which is not taking place until March 23.

F5's discovery misconduct has unduly prejudiced WSOU's ability to fully develop its infringement case and have its experts prepare their infringement reports. Again, as just one example, to develop its infringement and damages cases and obtain information for opening expert

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 2
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

reports, WSOU seeks F5's implementation documents showing F5's customers' specific deployments of F5's products, but F5 has refused to produce the documents notwithstanding that they are located on a central server. As another example, WSOU identified numerous missing filings and functions from F5's SDC source code production in mid-January. While F5 has stated it was looking into the missing files and function, F5 has yet to provide a written response on the outcome of its "investigation". Moreover, F5 continues to produce relevant documents even after the close of fact discovery, including just yesterday multiple technical documents relating to the accused DNS product—two weeks after WSOU deposed F5's designated 30(b)(6) witness on its DNS product.

In view of the Court's March 8, 2022 instruction for an application for continuance and in light of the outstanding discovery issues, WSOU offered F5 with the proposed schedule extensions on March 11. Ex. 1[2] (March 8, 2022 Email from Court); Ex. 2 (March 11, 2022 Email from WSOU's counsel to F5's counsel).

| Event | Scheduling Order (Dkt. 109) | WSOU's Proposed Schedule |
|---|---|---|
| Reports from expert witnesses under FRCP 26(a)(2) due (Opening Expert Reports) | April 4, 2022 | **June 15, 2022** |
| Rebuttal Expert Reports | May 2, 2022 | **July 13, 2022** |
| Close of Expert Discovery | May 20, 2022 | **July 29, 2022** |
| All dispositive and *Daubert* motions must be filed by | June 9, 2022 | **August 17, 2022** |
| Oppositions to dispositive and *Daubert* motions | June 30, 2022 | **September 7, 2022** |

---

[2] All references herein to "Ex. _" are to the corresponding exhibits of the accompanying Declaration of Hershy Stern.

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 3
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| Event | Scheduling Order (Dkt. 109) | WSOU's Proposed Schedule |
|---|---|---|
| Replies in support of dispositive and *Daubert* motions | July 14, 2022 | **September 21, 2022** |
| All motions *in limine* must be filed by | September 30, 2022 | **December 14, 2022** |
| Joint Pretrial Statement | October 7, 2022 | **December 21, 2022** |
| Oppositions to motions *in limine* (no replies authorized unless ordered otherwise by the Court) | October 14, 2022 | **January 4, 2022** |
| Pretrial conference | October 31, 2022 | **January 16, 2023** |
| JURY TRIAL DATE (7-day trial) | November 7, 2022 | **January 23, 2023** |

On March 15, 2022, counsel for WSOU contacted counsel for F5 in good faith as a follow-up to the schedule proposed on March 11, 2022. (Ex. 3 (March 15, 2022 Email from WSOU's counsel to F5's counsel); Ex. 4 (March 15, 2022 Email from WSOU's counsel to F5's counsel)). The parties met and conferred on March 16, 2022 but were unable to reach an agreement, with F5 alleging that the discovery delays were the result of WSOU's purported refusal to proceed with depositions, notwithstanding F5's fundamental failure to produce critical documents or prepare witnesses in a timely fashion. (Ex. 5 (March 16, 2022 Email from F5's counsel to WSOU's counsel)).

II.   **ARGUMENT**

F5's consistent and systematic dilatory conduct in this case warrants a short continuance to complete the necessary discovery that is relevant to support WSOU's infringement and damages positions and opening expert reports. Discovery deadlines may be modified for "good

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 4
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR, 2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

cause." *See, e.g.*, *Rollins v. Traylor Bros Inc.*, No. C14-1414-JCC, 2017 WL 2215778, at *1 (W.D. Wash. May 19, 2017) (citing Fed. R. Civ. P. 16(b)(4)); *Price v. Equilon Enterprises, LLC*, No. 2:17-CV-01337-MJP, 2018 WL 6816425, at *2 (W.D. Wash. May 24, 2018) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)). The Ninth Circuit considers the following factors when considering such motions: "(1) the diligence in preparing for trial of the party seeking a continuance; (2) the need for a continuance; (3) the inconvenience to the opposing party, the witnesses, and the Court; and (4) the hardship a denial of a continuance would cause the [moving party]." *Rollins*, No. C14-1414-JCC, 2017 WL 2215778, at *1 (quoting *United States v. 2.61 Acres of Land*, 791 F.2d 666, 670–71 (9th Cir. 1986)). Whether to grant or deny a continuance of trial is at the discretion of the Court. *Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862-63 (9th Cir. 1985).

WSOU has demonstrated that there is good cause for this extension. First, WSOU has been diligent in making numerous efforts to move discovery to completion. WSOU's prior applications to the Court including its current pending and forthcoming motions to compel evidence WSOU's continued attempts to obtain the outstanding discovery it seeks. Dkt. Nos. 76, 77, 97, 114, 115, 148. It is indeed disingenuous for F5 to assert that any delays were the result of WSOU's purported refusal to accept originally offered deposition dates, particularly when F5 failed to wholesale produce documents relevant to issues in this case, and continued producing some of the needed documents only after the Rule 30(b)(6) depositions occurred and after the close of fact discovery. The Court's original schedule contemplated that the parties would have 4 weeks *after* the close of fact discovery to digest and incorporate fact discovery to prepare their expert reports. Dkt No. 64. But there are still two F5 depositions to be taken (on March 18 and March 23), and F5 still has not complied with its discovery obligations with only 18 days remaining until expert reports are due, prejudicing WSOU's ability to prepare its reports.

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 5
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Second, the requested extension is necessary as the outstanding discovery is relevant to support WSOU's infringement and damages theories for its opening reports. Indeed, in recognition of the impact that resolution of these outstanding issues may have, the Court preemptively invited the parties to apply for an extension. Ex. 1 (March 8, 2022 Email from the Court); Ex. 6 (March 17, 2022 Email from the Court).

Third, F5 will not suffer prejudice by the proposed extension. Indeed, F5 cannot and could not point to any basis for prejudice with the proposed extension. The proposed extension would allow litigation to proceed in an efficient manner for both sides as well as the Court. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (The Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The requested extension will allow the Court sufficient time to consider the outstanding discovery issues and allow time for other pretrial motions.

Furthermore, this request is not being made on the eve of trial, but rather close to eight months prior to the current trial date. To date, the parties have accomplished some amount of fact discovery but more remains to be done. As explained, WSOU has been forced to continue to take fact depositions even after the close of fact discovery in light of F5's systematic and continued deficiencies. A considerable amount of time will then be necessary to prepare two rounds of expert reports that will cover four unrelated patents of relatively divergent technologies, and complete expert depositions. The parties will then need to spend a substantial amount of time on dispositive motions and at the same time initiate trial preparations and related pretrial filings in accordance with the Court's current scheduling order. And, WSOU is currently not aware of any witnesses or evidence that will become unavailable as a result of the proposed extension.

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 6
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Finally, denial of WSOU's request will severely impact its ability to prepare expert reports and complete expert discovery without the need for seeking additional continuances. Such denial will be unduly prejudicial to WSOU.

### III. CONCLUSION

As set forth herein, good cause exists to modify the case schedule. WSOU respectfully asks the Court to extend the case schedule, beginning with the deadline for opening expert reports, by approximately 70 days (as set forth in the accompanying Proposed Order), and to continue the November 7, 2022 trial date to January 23, 2023 (or a date more convenient for the Court).

Respectively submitted this 17th day of March, 2022

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Eric A. Lindberg, WSBA No. 43596
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
elindberg@corrcronin.com

Jonathan K. Waldrop (Admitted *pro hac vice*)
jwaldrop@kasowitz.com
Darcy L. Jones (Admitted *pro hac vice*)
djones@kasowitz.com
Marcus A. Barber (Admitted *pro hac vice*)
mbarber@kasowitz.com
John W. Downing (Admitted *pro hac vice*)
jdowning@kasowitz.com
Heather S. Kim (Admitted *pro hac vice*)
hkim@kasowitz.com
ThucMinh Nguyen (Admitted *pro hac vice*)
tnguyen@kasowitz.com
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 7
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | |
|---|---|
| 1 | |
| 2 | Hershy Stern (Admitted *pro hac vice*) |
|   | hstern@kasowitz.com |
| 3 | Howard L. Bressler (Admitted *pro hac vice*) |
|   | hbressler@kasowitz.com |
| 4 | Charles A. Naggar (Admitted *pro hac vice*) |
|   | cnaggar@kasowitz.com |
| 5 | Jayita Guhaniyogi (Admitted *pro hac vice*) |
|   | jguhaniyogi@kasowitz.com |
| 6 | Joshua A. Whitehill (Admitted *pro hac vice*) |
|   | jwhitehill@kasowitz.com |
| 7 | Julianne Laporte (Admitted *pro hac vice*) |
|   | jlaporte@kasowitz.com |
| 8 | Noah P. Dorman (Admitted *pro hac vice*) |
|   | ndorman@kasowitz.com |
| 9 | Lea Dartevelle Erhel (Admitted *pro hac vice*) |
| 10 | ldartevelle@kasowitz.com |
|    | KASOWITZ BENSON TORRES LLP |
| 11 | 1633 Broadway |
|    | New York, NY 10019 |
| 12 | Telephone: (212) 506-1700 |
| 13 | Paul G. Williams (Admitted *pro hac vice*) |
|    | pwilliams@kasowitz.com |
| 14 | KASOWITZ BENSON TORRES LLP |
|    | 1230 Peachtree Street N.E., Suite 2445 |
| 15 | Atlanta, Georgia 30309 |
|    | Telephone: (404) 260-6080 |
| 16 | |
| 17 | *Attorneys for Plaintiff* |

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 8
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Christy A. Nelson*
Christy A. Nelson

PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE - 9
(CASE NOS. 2:20-CV-01878-BJR, 2:21-CV-00124-BJR,
2:21-CV-00125-BJR, 2:21-CV-00126-BJR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900